**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shea W. VAN KIRK, Defendant–Appellant.**

**No. 05–3060.**

United States Court of Appeals, Tenth Circuit.

July 22, 2005.

Brent I. Anderson, Matthew T. Treaster, Office of the United States Attorney, Wichita, KS, for Plaintiff–Appellee.

Shea W. Van Kirk, El Dorado, KS, pro se.

Before EBEL, McKAY, and HENRY, Circuit Judges.

### ORDER*

ROBERT H. HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Shea Van Kirk, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because Mr. Van Kirk has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In January 2004, Mr. Van Kirk pleaded guilty to a single count of being a "felon in

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

possession of firearms," charge in violation of 18 U.S.C. § 922(g)(1). Mr. Van Kirk did not appeal his conviction.

In October 2004, he filed a motion pursuant to § 2255 seeking to have the district court correct his sentence pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He alleges that his unenhanced sentencing range was 51–63 months, and that the district court improperly imposed a 120–month sentence, based on findings made by a preponderance of the evidence. The district court rejected this argument, finding nothing to suggest *Blakely* and *Apprendi* apply to defendants seeking relief under § 2255 whose convictions were final when the Supreme Court decided *Blakely* in June 2004.

We agree with the district court. We have held that neither *Apprendi, Blakely* nor *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. *See, e.g., United States v. Bellamy,* 411 F.3d 1182, 1187 (10th Cir.2005) (concluding "*Booker* does not apply retroactively to initial habeas petitions"); *United States v. Price,* 400 F.3d 844, 849 (10th Cir.2005), (holding "*Blakely* does not apply retroactively to convictions that were already final at the time the [Supreme] Court decided *Blakely,* June 24, 2004."); *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir.2002) (stating that "*Apprendi* is not a watershed decision and hence is not retroactively applicable to initial habeas petitions").

Accordingly, we DENY Mr. Van Kirk's request for a COA, and DISMISS the matter.